IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Hicks (Rasul) v. Bush | ) | Case No. 02-CV-0299 (CKK) |
| Al Odah v. United States | ) | Case No. 02-CV-0828 (CKK) |
| Kurnaz v. Bush | ) | Case No. 04-CV-1135 (ESH) |
| Khadr v. Bush | ) | Case No. 04-CV-1136 (JDB) |
| El-Banna v. Bush | ) | Case No. 04-CV-1144 (RWR) |
| Gherebi v. Bush | ) | Case No. 04-CV-1164 (RBW) |
| Boumediene v. Bush | ) | Case No. 04-CV-1166 (RJL) |
| Anam v. Bush | ) | Case No. 04-CV-1194 (HHK) |
| Abdah v. Bush | ) | Case No. 04-CV-1254 (HHK) |
| Hamdan v. Bush | ) | Case No. 04-CV-1519 (JR) |
| Al-Qosi v. Bush | ) | Case No. 04-CV-1937 (PLF) |
| Paracha v. Bush | ) | Case No. 04-CV-2022 (PLF) |
| Al-Marri v. Bush | ) | Case No. 04-CV-2035 (GK) |
| Zemiri v. Bush | ) | Case No. 04-CV-2046 (CKK) |
| Deghayes v. Bush | ) | Case No. 04-CV-2215 (RMC) |
| Abdullah v. Bush | ) | Case No. 05-CV-0023 (RWR) |
| Al-Mohammed v. Bush | ) | Case No. 05-CV-0247 (HHK) |
| El-Mashad v. Bush | ) | Case No. 05-CV-0270 (JR) |
| Al-Adahi v. Bush | ) | Case No. 05-CV-0280 (GK) |
| Al-Joudi v. Bush | ) | Case No. 05-CV-0301 (GK) |

| | | |
|---|---|---|
| Al-Wazan v. Bush | ) | Case No. 05-CV-0329 (PLF) |
| Al-Anazi v. Bush | ) | Case No. 05-CV-0345 (JDB) |
| Alhami v. Bush | ) | Case No. 05-CV-0359 (GK) |
| Ameziane v. Bush | ) | Case No. 05-CV-0392 (ESH) |
| Batarfi v. Bush | ) | Case No. 05-CV-0409 (EGS) |
| Sliti v. Bush | ) | Case No. 05-CV-0429 (RJL) |
| Kabir v. Bush | ) | Case No. 05-CV-0431 (RJL) |
| Qayed v. Bush | ) | Case No. 05-CV-0454 (RMU) |
| Al-Shihry v. Bush | ) | Case No. 05-CV-0490 (PLF) |
| Aziz v. Bush | ) | Case No. 05-CV-0492 (JR) |
| Al-Oshan v. Bush | ) | Case No. 05-CV-0520 (RMU) |
| Tumani v. Bush | ) | Case No. 05-CV-0526 (RMU) |
| Al-Oshan v. Bush | ) | Case No. 05-CV-0533 (RJL) |
| Mammar v. Bush | ) | Case No. 05-CV-0573 (RJL) |
| Al-Sharekh v. Bush | ) | Case No. 05-CV-0583 (RJL) |
| Magram v. Bush | ) | Case No. 05-CV-0584 (CKK) |
| Al Daini v. Bush | ) | Case No. 05-CV-0634 (RWR) |
| Errachidi v. Bush | ) | Case No. 05-CV-0640 (EGS) |
| Adem v. Bush | ) | Case No. 05-CV-0723 (RWR) |
| Aboassy v. Bush | ) | Case No. 05-CV-0748 (RMC) |
| Imran v. Bush | ) | Case No. 05-CV-0764 (CKK) |
| Al Habashi v. Bush | ) | Case No. 05-CV-0765 (EGS) |
| Al Hamamy v. Bush | ) | Case No. 05-CV-0766 (RJL) |

| | | |
|---|---|---|
| Hamoodah v. Bush | ) | Case No. 05-CV-0795 (RJL) |
| Khiali-Gul v. Bush | ) | Case No. 05-CV-0877 (JR) |
| Nasrat v. Bush | ) | Case No. 05-CV-0880 (ESH) |
| Muhibullah v. Bush | ) | Case No. 05-CV-0884 (RMC) |
| Mohammad v. Bush | ) | Case No. 05-CV-0885 (GK) |
| Wahab v. Bush | ) | Case No. 05-CV-0886 (EGS) |
| Chaman v. Bush | ) | Case No. 05-CV-0887 (RWR) |
| Gul v. Bush | ) | Case No. 05-CV-0888 (CKK) |
| Basardh v. Bush | ) | Case No. 05-CV-0889 (ESH) |
| Sohail v. Bush | ) | Case No. 05-CV-0993 (RMU) |
| Tohirjanovich v. Bush | ) | Case No. 05-CV-0994 (JDB) |
| Sarajuddin v. Bush | ) | Case No. 05-CV-1000 (PLF) |
| Mohammed v. Bush | ) | Case No. 05-CV-1002 (EGS) |
| Mangut v. Bush | ) | Case No. 05-CV-1008 (JDB) |
| Hamad v. Bush | ) | Case No. 05-CV-1009 (JDB) |
| Khan v. Bush | ) | Case No. 05-CV-1010 (RJL) |
| Al-Hela v. Bush | ) | Case No. 05-CV-1048 (RMU) |
| Mousovi v. Bush | ) | Case No. 05-CV-1124 (RMC) |
| Khalifh v. Bush | ) | Case No. 05-CV-1189 (JR) |
| Zalita v. Bush | ) | Case No. 05-CV-1220 (RMU) |
| Ahmed v. Bush | ) | Case No. 05-CV-1234 (EGS) |
| Aminullah v. Bush | ) | Case No. 05-CV-1237 (ESH) |
| Ghalib v. Bush | ) | Case No. 05-CV-1238 (CKK) |

| | | |
|---|---|---|
| Bukhari v. Bush | ) | Case No. 05-CV-1241 (RMC) |
| Pirzai v. Bush | ) | Case No. 05-CV-1242 (RCL) |
| Peerzai v. Bush | ) | Case No. 05-CV-1243 (RCL) |
| Mohammadi v. Bush | ) | Case No. 05-CV-1246 (RWR) |
| Al Ginco v. Bush | ) | Case No. 05-CV-1310 (RJL) |
| Ullah v. Bush | ) | Case No. 05-CV-1311 (RCL) |
| Mohammed v. Bush | ) | Case No. 05-CV-1347 (GK) |
| Saib v. Bush | ) | Case No. 05-CV-1353 (RMC) |
| Hatim v. Bush | ) | Case No. 05-CV-1429 (RMU) |
| Al-Subaiy v. Bush | ) | Case No. 05-CV-1453 (RMU) |
| Dhiab v. Bush | ) | Case No. 05-CV-1457 (GK) |
| Sadkhan v. Bush | ) | Case No. 05-CV-1487 (RMC) |
| Faizullah v. Bush | ) | Case No. 05-CV-1489 (RMU) |
| Faraj v. Bush | ) | Case No. 05-CV-1490 (PLF) |
| Khan v. Bush | ) | Case No. 05-CV-1491 (JR) |
| Ahmad v. Bush | ) | Case No. 05-CV-1492 (RCL) |
| Al Wirghi v. Bush | ) | Case No. 05-CV-1497 (RCL) |
| Kiyemba v. Bush | ) | Case No. 05-CV-1509 (RMU) |
| Idris v. Bush | ) | Case No. 05-CV-1555 (JR) |
| Attash v. Bush | ) | Case No. 05-CV-1592 (RCL) |
| Mamet v. Bush | ) | Case No. 05-CV-1602 (ESH) |
| Rabbani v. Bush | ) | Case No. 05-CV-1607 (RMU) |
| Zahir v. Bush | ) | Case No. 05-CV-1623 (RWR) |

| | | |
|---|---|---|
| Ghanem v. Bush | ) | Case No. 05-CV-1638 (CKK) |
| Al-Badah v. Bush | ) | Case No. 05-CV-1641 (CKK) |
| Almerfedi v. Bush | ) | Case No. 05-CV-1645 (PLF) |
| Zaid v. Bush | ) | Case No. 05-CV-1646 (JDB) |
| Al-Bahooth v. Bush | ) | Case No. 05-CV-1666 (ESH) |
| Ali Ahmed v. Bush | ) | Case No. 05-CV-1678 (GK) |
| Kabir (Sadar Doe) v. Bush | ) | Case No. 05-CV-1704 (JR) |
| Al-Rubaish v. Bush | ) | Case No. 05-CV-1714 (RWR) |
| Sameur v. Bush | ) | Case No. 05-CV-1806 (CKK) |
| Al-Qahtani v. Bush | ) | Case No. 05-CV-1971 (RMC) |
| Alkhemisi v. Bush | ) | Case No. 05-CV-1983 (RMU) |
| Gamil v. Bush | ) | Case No. 05-CV-2010 (JR) |
| Al-Shabany v. Bush | ) | Case No. 05-CV-2029 (JDB) |
| Othman v. Bush | ) | Case No. 05-CV-2088 (RWR) |
| Al-Mudafari v. Bush | ) | Case No. 05-CV-2185 (JR) |
| Al-Mithali v. Bush | ) | Case No. 05-CV-2186 (ESH) |
| Alhag v. Bush | ) | Case No. 05-CV-2199 (HHK) |
| Nakheelan v. Bush | ) | Case No. 05-CV-2201 (ESH) |
| Al Subaie v. Bush | ) | Case No. 05-CV-2216 (RCL) |
| Ghazy v. Bush | ) | Case No. 05-CV-2223 (RJL) |
| Al-Shimrani v. Bush | ) | Case No. 05-CV-2249 (RMC) |
| Al Sharbi v. Bush | ) | Case No. 05-CV-2348 (EGS) |
| Zadran v. Bush | ) | Case No. 05-CV-2367 (RWR) |

| | | |
|---|---|---|
| Alsaaei v. Bush | ) | Case No. 05-CV-2369 (RWR) |
| Razakah v. Bush | ) | Case No. 05-CV-2370 (EGS) |
| Al Darbi v. Bush | ) | Case No. 05-CV-2371 (RCL) |
| Al-Ghizzawi v. Bush | ) | Case No. 05-CV-2378 (JDB) |
| Awad v. Bush | ) | Case No. 05-CV-2379 (JR) |
| Al-Baidany v. Bush | ) | Case No. 05-CV-2380 (CKK) |
| Al Rammi v. Bush | ) | Case No. 05-CV-2381 (JDB) |
| Said v. Bush | ) | Case No. 05-CV-2384 (RWR) |
| Al Halmandy v. Bush | ) | Case No. 05-CV-2385 (RMU) |
| Thabid v. Bush | ) | Case No. 05-CV-2398 (ESH) |
| Al Yafie v. Bush | ) | Case No. 05-CV-2399 (RJL) |
| Rimi v. Bush | ) | Case No. 05-CV-2427 (RJL) |
| Al Salami v. Bush | ) | Case No. 05-CV-2452 (PLF) |
| Al Shareef v. Bush | ) | Case No. 05-CV-2458 (RWR) |
| Khan v. Bush | ) | Case No. 05-CV-2466 (RCL) |
| Hussein v. Bush | ) | Case No. 05-CV-2467 (PLF) |
| Al-Delebany v. Bush | ) | Case No. 05-CV-2477 (RMU) |
| Al-Harbi v. Bush | ) | Case No. 05-CV-2479 (HHK) |
| Feghoul v. Bush | ) | Case No. 06-CV-0618 (RWR) |
| Rumi v. Bush | ) | Case No. 06-CV-0619 (RJL) |

**RESPONDENTS' SUPPLEMENTAL MEMORANDUM CORRECTING
JULY 7, 2006 MOTION FOR PROCEDURES RELATED TO REVIEW OF CERTAIN
DETAINEE MATERIALS AND RESPONDING TO
SUPPLEMENTAL MEMORANDA OF CERTAIN PETITIONERS**

Respondents hereby submit in the above-captioned cases this supplemental memorandum in support of their July 7, 2006 Motion for Procedures Related to Review of Certain Detainee Materials and Request for Expedited Briefing ("July 7 Motion"). The purpose of this supplemental memorandum is to correct certain erroneous information provided in the July 7 Motion, as well as the July 28, 2006 reply filed in support of the July 7 Motion ("July 28 Reply"), regarding the scope of materials involved in the initial sorting of the impounded materials that are the subject of the motion. Additionally, this supplemental memorandum responds to supplemental memoranda filed by various petitioners in these cases concerning the recent order of the D.C. Circuit in *United States v. Rayburn House Office Building, Room 2113*, No. 06-3105 (D.C. Cir. Jul. 28, 2006).

    **A.**    As explained in respondents' July 7 Motion, in light of the recent suicides and other events at Guantanamo and evidence gathered in connection with the Naval Criminal Investigative Service ("NCIS") investigation of the suicides, the NCIS impounded materials from the cells of most enemy combatant detainees at Guantanamo. *See* July 7 Motion at 3-8 & Exhibit B (Kisthardt Decl.) ¶¶ 3-4. Approximately 1,100 pounds of materials were collected by NCIS on or about June 14, 2006, with materials collected from each detainee's cell being separately bagged. Kisthardt Decl. ¶ 4. NCIS personnel then began sorting a portion of these materials. *Id.* ¶ 5.

    Respondents' July 7 Motion erroneously asserted that this sorting involved "materials from bags pertaining to eleven detainees." *See* July 7 Motion at 7. This representation was not

correct, being based on an inadvertent oversight in the declaration supporting the motion, as explained in the attached supplemental declaration of the supervisory NCIS investigator involved in the sorting. *See* Supplemental Declaration of Carol Kisthardt ¶ 4 (attached as Exhibit C) ("Kisthardt Supp. Decl."). In fact, the sorting involved eleven bags that each contained a number of the detainee-specific bags of material,[1] comprising materials collected from approximately 155 detainees, but amounting to only 10%, by weight, of the total 1,100 pounds of impounded material. *Id.* ¶¶ 4-5. As noted in the July 7 Motion, the sorting involved separating any potentially attorney-client information from non-privileged material and conducting a preliminary scan of the non-privileged material for relevancy to the NCIS investigation, Kisthardt Decl. ¶ 5; Kisthardt Supp. Decl. ¶ 5, though not all of the material, even among the nonprivileged, could be comprehended because it was written in languages for which translators were not present during the sorting, *id.* ¶ 5.

As explained in the July 7 Motion, during this sorting a note was discovered that contained instructions concerning the tying of knots. Kisthardt Decl. ¶ 5. In addition, the sorting uncovered a potentially classified e-mail from a camp officer containing information regarding cell locations of detainees and other details regarding camp operational matters. *Id.* The latter discovery led to the examination of other materials from the same detainee to determine whether there were other potentially classified U.S. Government documents in that detainee's possession,

---

[1] As explained in the supplemental declaration, materials collected by NCIS from each detainee's cell were separately bagged, and those bags were then marked with detainee identifying information. Kisthardt Supp. Decl. ¶ 3. Those detainee-specific bags were then collected and placed into larger, grocery-style paper bags. *Id.* It is the contents of eleven of these grocery-style bags that were the subject of the sorting process described in the July 7 Motion and above.

including in three legal mail envelopes. *See id*. An NCIS investigator scanned the contents of the three envelopes, but did not read the documents therein. *See id.*; Kisthardt Supp. Decl. ¶ 5.

After the initial sorting of the subset of materials, further review of the impounded materials was suspended until appropriate procedures and staffing could be developed to account for the scope of the undertaking, the translation needs, and the possibility that the review team would encounter potentially privileged attorney-client communications. *See* Kisthardt Decl. ¶ 5; Kisthardt Supp. Decl. ¶ 3. The bags of materials are currently kept in sealed boxes in a locked and alarmed storage facility consistent with NCIS practices for maintenance of evidence obtained in criminal investigations, *i.e.*, under the control of the NCIS to the exclusion of others, including Guantanamo authorities. *See* Kisthardt Supp. Decl. ¶ 3. No further review of the contents of the bags of materials is occurring pending the Court's consideration of respondents' July 7 Motion. *Id.*

Respondents regret the inaccurate description of the amount of material involved in the initial sorting of materials by NCIS. The error, however, was inadvertent, and while the amount of material involved in the initial NCIS sorting was greater, with respect to the number of detainees involved, than reported in the July 7 Motion, the mechanics and nature of the sorting was as described in the July 7 Motion. Thus, the sorting did not involve the reading of attorney-client materials, but rather involved the separation of any potential attorney-client material from other, nonprivileged material. Accordingly, as explained in the July 7 Motion, no "abrogation" of attorney-client communications has occurred; furthermore, the impoundment of the detainee materials and the request for Court authorized procedures for sorting and review of the materials

continues to be fully justified, for the reasons explained in the July 7 Motion and the July 28 Reply in support of that motion.

    **B.**    A number of petitioners in these cases have submitted supplemental memoranda or notifications of supplemental authority arguing that the recent order of the D.C. Circuit on a motion to stay pending appeal in *United States v. Rayburn House Office Building, Room 2113*, No. 06-3105 (D.C. Cir. Jul. 28, 2006), undermines the request for Filter Team review of the impounded materials in these cases.  *See, e.g.*, *Abdah*, No. 04-CV-1254-HHK (dkt. no. 184); *Al Anazi*, No. 05-CV-0345-JDB (dkt. no. 59); *Sadkhan*, No. 05-CV-1487-RMC (dkt. no. 33).  That order, however, does not undermine the appropriateness of the Filter Team review procedure requested by respondents with respect to the impounded materials.

    The *Rayburn House Office Building* case involved documents seized from the office of a United States Congressman pursuant to a search warrant as part of a bribery investigation.  The United States proposed to examine the documents using a government filter team, but the Congressman contended that the documents had been unlawfully seized and that the Speech or Debate Clause precluded review of them by anyone until the Congressman was permitted to segregate documents he viewed as privileged.  The District Court rejected the Congressman's arguments.  *See In re Search of Rayburn House Office Building Room Number 2113*, 432 F. Supp. 100, 119 (D.D.C 2006), *stayed pending appeal*.

    The Congressman appealed, and sought a stay pending appeal.  In the order relied upon by petitioners, the Court of Appeals temporarily stayed the filter team procedure, and remanded the record for the District Court to determine what "legislative" documents, if any, had been seized pursuant to the search warrant.  *See Rayburn House Office Building,* No. 06-3105, slip op.

at 1 (remanding for findings "regarding whether the specific documents or records [seized] are legislative in nature"); *id.* at 2 (District Court to notify Court of Appeals "promptly upon its determination of the question on remand").  The Court of Appeals directed that a judicial officer or special master conduct the necessary review of the seized documents, *id.* at 1, but the Court of Appeals in its brief order did not hold or even suggest that government filter review of materials that include potentially privileged documents is impermissible.  Rather, it simply elected to utilize a different procedure in the context of a remand of the record to obtain information it apparently wished to have before ruling more definitively in the appeal.  The Court of Appeals' choice of procedure in that setting did not establish any rule of law concerning the use of government filter teams to review potentially privileged material.

In any event, the *Rayburn House Office Building* case involved features that firmly distinguish it from the NCIS impoundment here.  First, the privilege assertedly applicable to the seized materials in *Rayburn House Office Building* is constitutional in nature, arising directly under the Speech or Debate Clause.  Furthermore, the volume and nature of materials involved was such that the special master review process conceivably could be conducted in an expedited and manageable fashion.  *See id.* at 1 (ordering congressman to respond with claims that documents are legislative in nature within two days of receiving at set of copies of the seized materials).

As explained in the July 7 Motion and July 28 Reply in support of that motion, however, the volume of the NCIS-impounded materials at issue here is massive, multiple languages are involved, and the need for review is to fully comprehend matters directly pertaining to maintenance of safety and security within a wartime detention facility.  *See* July 28 Reply at § II

- 5 -

(pp. 19-25). Indeed, the differences between the cases further undermine any argument that the Court of Appeals order in *Rayburn House Office Building* compels rejection of the use of a Filter Team in the unique situation presented by the NCIS impoundment. The unique circumstances involved in the matter before the Court, and the contemplated Court-ordered safeguards in use of the Filter Team provided for in respondents' proposal – safeguards imposed in order to protect attorney-client privilege – all call for Court authorization of Filter Team review.

Dated: August 11, 2006 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　PETER D. KEISLER
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　DOUGLAS N. LETTER
　　　　　　　　　　　　　　　　　　　　　　Terrorism Litigation Counsel

　　　　　　　　　　　　　　　　　　　　　　    */s/ Terry M. Henry*
　　　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT (D.C. Bar No. 431134)
　　　　　　　　　　　　　　　　　　　　　　VINCENT M. GARVEY (D.C. Bar No. 127191)
　　　　　　　　　　　　　　　　　　　　　　TERRY M. HENRY
　　　　　　　　　　　　　　　　　　　　　　JAMES J. SCHWARTZ
　　　　　　　　　　　　　　　　　　　　　　PREEYA M. NORONHA
　　　　　　　　　　　　　　　　　　　　　　ROBERT J. KATERBERG
　　　　　　　　　　　　　　　　　　　　　　NICHOLAS J. PATTERSON
　　　　　　　　　　　　　　　　　　　　　　ANDREW I. WARDEN
　　　　　　　　　　　　　　　　　　　　　　EDWARD H. WHITE
　　　　　　　　　　　　　　　　　　　　　　MARC A. PEREZ
　　　　　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　　20 Massachusetts Ave., N.W.
　　　　　　　　　　　　　　　　　　　　　　Washington, DC  20530
　　　　　　　　　　　　　　　　　　　　　　Tel:  (202) 514-4107
　　　　　　　　　　　　　　　　　　　　　　Fax:  (202) 616-8470

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Respondents